UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

**WILBERT WILLIAMS, IV.**               **CIVIL ACTION NO. 09-1670-P**

**VERSUS**                              **JUDGE HICKS**

**LONNIE NAIL, ET AL.**                 **MAGISTRATE JUDGE HORNSBY**

REPORT AND RECOMMENDATION

Wilbert Williams, IV. ("Plaintiff") is incarcerated at the David Wade Correctional Center in Homer, Louisiana.  He filed a civil rights complaint against Lonnie Nail, Jamie Fussell, Jerry Goodwin, and Angie Huff.  In said complaint, he makes numerous allegations regarding retaliation, disciplinary board proceedings, conditions of his confinement and his classification.

Plaintiff filed a motion for a preliminary injunction (Doc. 9).  He asks that the Court enjoin Lonnie Nail and Jamie Fussell from serving on any disciplinary /extended lock down board and classification review board.

In order for Plaintiff to obtain a preliminary injunction, he would have to show (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury absent an injunction, (3) that the threatened injury would exceed any harm that would flow from the injunction and (4) that the injunction would not undermine the public interest. Walgreen Co. v. Hood, 275 F.3d 475, 477 (5th Cir. 2001).  Plaintiff must prove all four elements and any failure to prove any one element will result in the denial of the motion.

<u>Enterprise Intern., Inc. v. Corporacion Estatal Petrolera Ecuatoriana</u>, 762 F.2d 464, 472 (5th Cir.1985).

The allegations in this complaint do not present a substantial threat of irreparable injury absent an injunction. The claims are typical prison complaints and are capable of ready resolution through the ordinary litigation process. The claims alleged (if proved) are capable of adequate redress by an award of monetary damages and, if warranted, a post-judgment injunction. The allegations in this motion do not present a substantial likelihood of success on the merits. The issuance of such extraordinary relief is not appropriate at this time.

Accordingly;

**IT IS RECOMMENDED** that the motion for a preliminary injunction (Doc. 9) be **DENIED.**

### OBJECTIONS

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed.R.Civ.P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 8th day of March, 2011.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE