# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

WILBERT WILLIAMS, IV.                  CIVIL ACTION NO. 09-1670-P

VERSUS                                 JUDGE HICKS

LONNIE NAIL, ET AL.                    MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Wilbert Williams, IV. ("Plaintiff"), pursuant to 42 U.S.C. § 1983.  This complaint was received and filed in this Court on September 18, 2009.  Plaintiff is incarcerated at the David Wade Correctional Center in Homer, Louisiana, and he alleges his civil rights were violated by prison officials.  He names James LeBlanc, Lonnie Nail, Jamie Fussell and Angie Huff as defendants.

Plaintiff claims that on August 22, 2009, Sgt. Henry noticed a piece of torn shirt in his underwear.  He claims Sgt. Henry then issued him a rule violation report for property destruction.  Plaintiff claims that for two weeks prior to receiving the rule violation report, he wore the torn t-shirt without being issued a rule violation report.  He claims Sgt. Henry issued the rule violation report to retaliate against him for requesting a grievance form.

Plaintiff claims that on August 25, 2009,  Lonnie Nail and Jamie Fussell denied him due process during his disciplinary court proceedings for the August 22, 2009 rule violation report.  He claims he was denied the right to present witnesses and evidence which included a surveillance tape of him wearing the torn t-shirt for the two weeks prior to the issuance of the rule violation report.  Plaintiff claims he was convicted of the disciplinary violation.

Plaintiff claims he was sentenced to twenty (20) days isolation, 12 weeks loss of yard and exercise, and a restitution fee.  He claims he was placed in isolation for 16 hours a day. Plaintiff claims Nail and Fussell ordered officers to remove his mattress, sheets, blankets, pillow, sweatshirt, and reading books from his cell between the hours of 5:00 a.m. and 9:30 p.m. even during cold months.  He claims he was forced to sleep on the floor during these hours because he takes medication which makes him sleep.  Plaintiff claims that he has become sick as a result of these conditions.  He claims his final disciplinary appeal was denied on November 19, 2009.

Plaintiff claims he is on lock-down.  He claims prison policy #43 violates his constitutional rights.  He claims he is allowed out of cell exercise only one time a week for one hour.  He claims as a result, he is suffering serious back and rib pain.

Plaintiff claims he informed the medical staff that he is suffering serious back pain. He claims the medical staff has given him aspirin, Ibuprofen, and Tylenol for his pain.  He claims the medication has not alleviated his pain.

Plaintiff claims Angie Huff is responsible for the due process violations committed

by Nail and Fussell because she is their supervisor and she failed to correct them.

Accordingly, Plaintiff seeks monetary compensation, punitive damages, an injunction, declaratory relief, and a transfer to another facility.

## LAW AND ANALYSIS

**Due Process**

To the extent Plaintiff contends he was punished without due process, that claim is not cognizable. In Sandin v. Connor, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), the Supreme Court clarified when due process protections attach to the prison disciplinary process. The Supreme Court held that the Due Process Clause of the Fourteenth Amendment does not afford an inmate a protected liberty interest that would entitle the inmate to procedural protections in the disciplinary process when the maximum sanction the inmate could receive does not "present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest" and the duration of the prisoner's original sentence is not affected. Id. 132 L.Ed.2d at 431. Under the guidance provided by Sandin, the Fifth Circuit has held that as a general rule, only sanctions which result in loss of good time credit or which otherwise directly and adversely affect release will implicate a constitutionally protected liberty interest. Orellana v. Kyle, 65 F.3d 29, 31-32 (5th Cir. 1995). Moreover, in commenting on Sandin, the Fifth Circuit noted that liberty interests which are protected by the Due Process Clause are generally limited to actions which affect the quantity of time rather than the quality of time served by a prisoner. Madison v. Parker, 104 F.3d 765, 767 (5th Cir. 1997) citing Sandin, 115 S.Ct. at 2297.

Plaintiff does not allege that the disciplinary action affected the duration of his sentence or that the disciplinary sentence was atypical of the prison environment.  To the contrary, Plaintiff's allegations concern changes in the conditions of confinement which are far from "extraordinary."  This Court finds that under Sandin, Orellana and Madison, 20 days isolation, 12 weeks loss of yard and exercise, a restitution fee, and deprivation of a mattress, sheets, blankets, pillow, sweatshirt, and books between 5:00 a.m. and 9:30 p.m. do not constitute the type of atypical punishment that presents a significant deprivation which would implicate due process concerns.

Accordingly, Plaintiff's due process claims lack an arguable basis in law and should be dismissed with prejudice as frivolous.

**Retaliation**

Plaintiff claims Sgt. Henry retaliated against him by filing a rule violation report against him because he requested a grievance form.  To state a claim of retaliation an inmate must allege the violation of a specific constitutional right and be prepared to establish that but for the retaliatory motive the complained of incident--such as the filing of a disciplinary report--would not have occurred. Woods v. Smith, 60 F.3d 1161 (5th Cir. 1995), citing Mt. Healthy City School Board District Bd. Of Education v. Doyle, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977).

As shown above, Plaintiff's constitutional rights have not been shown to have been violated.  Moreover, the retaliatory motive alleged by Plaintiff is entirely conclusory as he provides no specific allegations showing that "but for" this motive he would not have been

written up for a rule violation.  Furthermore, Plaintiff admits in his complaint that his t-shirt was torn.

Accordingly, Plaintiff's claims regarding retaliation should be dismissed with prejudice as frivolous.

**Conditions of Confinement**

Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law.  The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged unconstitutional conditions of confinement is the Eighth Amendment prohibition against cruel and unusual punishment.  Under the Eighth Amendment, prison officials are required to provide humane conditions of confinement ensuring that inmates receive adequate food, clothing, shelter and medical care, and must take reasonable measures to guarantee the safety of inmates.  See Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970 (1994).

An Eighth Amendment claim has two required components. See Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324 (1991).  First, the deprivation alleged must be sufficiently serious. See id., 111 S. Ct. at 2324.  "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave" to constitute cruel and unusual punishment. Id., 111 S. Ct. at 2324 (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399 (1981)).  Second, the prison official must have acted with a sufficiently culpable state of mind. See id. at 305, 111 S. Ct. at 2328; Farmer, 511 U.S. at 838, 114 S. Ct.

at 1979.   In prison condition of confinement cases, that state of mind is deliberate indifference, which the Supreme Court recently defined as knowing of and disregarding an excessive risk to inmate health or safety.   See id., 114 S. Ct. at 1979.  Furthermore, this Court should consider the duration and the totality of the specific circumstances that constituted the conditions of Plaintiff's confinement.   Palmer v. Johnson, 193 F.3d 346 (5th Cir. 1999).

After a thorough review of Plaintiff's complaint, read in a light most favorable to him, the Court finds the facts alleged do not support a conclusion that Defendants' conduct was sufficiently harmful enough to deprive Plaintiff of life's basic necessities.   See Wilson, 501 U.S. at 298, 111 S. Ct. at 2324.  Plaintiff complains that for the 20 days while in isolation and anytime he is on lock-down, he is deprived of his mattress, bedding, sweatshirt and books between the hours of 5:00 a.m. and 9:30 p.m.   Plaintiff does not complain that he was deprived of his mattress and bedding during sleep hours.  After considering the duration and totality of the specific circumstances that constituted the conditions of Plaintiff's confinement, this Court finds the facts alleged do not support a finding that Defendants' conduct was sufficiently harmful enough to deprive him of life's basic necessities.   See Wilson, 501 U.S. at 298, 111 S. Ct. at 2324 and Hadwin v. Stalder, 196 Fed.Appx. 293, 2006 WL 2474763 (C.A. 5 (La.)).

Plaintiff further complains that he was only allowed out of cell exercise one day a week for one hour when on lock-down. It is well established that recreation restrictions do not deprive an inmate of a protected liberty interest.  Malchi v. Thaler, 211 F.3d 953 (5th Cir. 2000).  Also, recreation restrictions do not impose a significant or atypical hardship on a

prisoner in relation to the ordinary incidents of prison life.  Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997).

Accordingly, Plaintiff's conditions of confinement claim lacks an arguable basis in law and should be dismissed with prejudice as frivolous.

**Medical**

Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law.  The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged denial of or inadequate medical care is the Eighth Amendment prohibition against cruel and unusual punishment.

The lack of proper inmate medical care rises to the level of a constitutional deprivation under the Eighth Amendment of the United States Constitution only if the evidence shows that the prison officials showed "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976); See also Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978 (1994).  It is only deliberate indifference, "an unnecessary and wanton infliction of pain" or an act "repugnant to the conscience of mankind," that constitutes conduct proscribed by the Eighth Amendment.  Estelle, 429 U.S. at 105-06, 97 S. Ct. at 292; See also Gregg v. Georgia, 428 U.S. 153, 96 S. Ct. 2909 (1976).  Further, the plaintiff must establish that the defendants possessed a culpable state of mind. See Wilson v. Seiter, 501 U.S. 294, 297-302, 111 S. Ct. 2321, 2323-27 (1991); Farmer, 511 U.S. at 838-47, 114 S. Ct. at 1979-84.  In addition, disagreement with the diagnostic

measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

In this case, after a thorough review of Plaintiff's complaint, read in a light most favorable to him, the Court finds that the facts alleged do not support a finding of deliberate indifference to serious medical needs.   To the contrary, the record demonstrates that Defendants were attentive to the medical needs of Plaintiff.  It has been consistently held that an inmate who has been examined by medical personnel fails to set forth a valid showing of deliberate indifference to serious medical needs.  Norton v. Dimazana, 122 F.2d 286, 292 (5th Cir. 1997); Callaway v. Smith County, 991 F. Supp. 801, 809 (E.D. Tex. 1998); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992). Plaintiff admits he was given aspirin, Ibuprofen, and Tylenol for his back pain. Plaintiff's complaint is devoid of factual allegations that would tend to show Defendants acted with a culpable state of mind or that their actions were "unnecessary and wanton."  Furthermore, as previously discussed, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs.

Plaintiff's allegations, if accepted as true, may amount to a state law claim for negligence, a tort.  However, mere negligence, neglect, or medical malpractice does not amount to a denial of a constitutional right as these actions on the part of Defendants do not rise to the level of a constitutional tort. See Daniels v. Williams, 474 U.S. 327, 329-30, 106

S. Ct. 662, 664 (1986); <u>Estelle</u>, 429 U.S. at 106, 97 S. Ct. at 292; <u>Lewis v. Woods</u>, 848 F.2d 649, 651 (5th Cir. 1988).  The fact that Plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. <u>See Spears v. McCotter</u>, 766 F.2d 179, 181 (5th Cir. 1985).  Prisoners are not constitutionally entitled to the best medical care that money can buy. <u>See</u> <u>Mayweather v. Foti</u>, 958 F.2d. 91 (5th Cir. 1992).

Accordingly, Plaintiff's medical claim should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding <u>in</u> <u>forma</u> <u>pauperis</u> ("IFP"), if this Court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed.  <u>See</u> 28 U.S.C. § 1915(e); <u>Green v. McKaskle</u>, 788 F.2d 1116, 1119 (5th Cir. 1986); <u>Spears v. McCotter</u>, 766 F.2d 179, 181 (5th Cir. 1985).  District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact.  <u>See</u> <u>Hicks v. Garner</u>, 69 F.3d 22 (5th Cir. 1995); <u>Booker v. Koonce</u>, 2 F.3d 114 (5th Cir. 1993); <u>Neitzke v. Williams</u>, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).  **IT IS FURTHER**

**RECOMMENDED** that Plaintiff's motions for a preliminary injunction (Docs. 11 and 21) be **DENIED**.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objection within ten (10) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 6th day of March, 2012.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE